IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 3, 2025

## FERGUSON ENTERPRISES, LLC v. NORRIS BROS. EXCAVATING, LLC ET AL.

**Appeal from the Chancery Court for Rutherford County**
**No. 22CV-2195      Terry A. Fann, Chancellor**



### No. M2024-00459-COA-R3-CV

A contractor purchased construction materials from a supplier and then failed to pay for the materials. The supplier brought suit to recover payment and later filed a motion for summary judgment. The trial court granted the supplier's motion. Finding no error, we affirm and remand the matter to calculate the supplier's appellate attorney's fees.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which THOMAS R. FRIERSON, II, and JEFFREY USMAN, JJ., joined.

Howard L. Upchurch and Stacy H. Farmer, Pikeville, Tennessee, for the appellants, Norris Bros. Excavating, LLC, Justin Lynn Norris, and Jacob Wayne Norris.

David O. Huff, Nashville, Tennessee, for the appellee, Ferguson Enterprises, LLC.

## OPINION

### FACTUAL AND PROCEDURAL HISTORY

This matter began when Norris Bros. Excavating, LLC ("NBE") entered into a contract with the City of Smyrna, Tennessee, to perform various construction jobs on the Olive Branch sewer line extension. As required by state law, NBE executed three payment

bonds, with Atlantic Specialty Insurance Company[1] ("Atlantic") as surety. To complete the contract, NBE needed certain construction materials, so in October 2020, NBE's authorized representatives, Justin and Jacob Norris,[2] went to Ferguson Enterprises, LLC ("Ferguson"). To purchase materials on credit, NBE executed a "Credit Application/Personal Guaranty" ("the Application"). Justin and Jacob also signed the Application as personal guarantors of NBE's obligations. Ferguson then sold NBE construction materials on credit for the Olive Branch project.

By August 2022, Ferguson had not been paid for the materials. Therefore, pursuant to Tenn. Code Ann. § 12-4-201, Ferguson sent a notice to NBE and Atlantic demanding payment for the materials. On November 16, 2022, Ferguson filed a complaint in the Chancery Court for Rutherford County, alleging the above facts and that NBE had failed to pay for the materials. Ferguson asserted claims for breach of contract and for payment on the surety bonds based on its assertion that NBE owed $134,636.40[3] for the materials and that NBE had failed to pay these amounts despite Ferguson's demands. Ferguson also sought service charges of 1.5% per month and an award of attorney's fees. NBE filed an answer on January 9, 2023.

Ferguson filed a motion for summary judgment on July 28, 2023, alleging that the undisputed material facts showed that it was entitled to a judgment as a matter of law. In support of its motion, Ferguson submitted a statement of undisputed material facts and the affidavit of John Salter, Ferguson's market credit manager. In the affidavit, Mr. Salter detailed the purchases NBE made and the amount of each purchase. NBE filed its response, arguing that summary judgment was inappropriate because genuine disputes remained regarding the amount owed. In support of its response, NBE submitted the affidavit of Jacob, wherein he averred that there remained a dispute over the balance owed to Ferguson. Regarding the basis for the dispute, Jacob stated:

> Ferguson's claim as to the balance owed to it is inaccurate and disputed for several reasons. Ferguson's claims involve charges for items that were never delivered, including items described as "risers" and "gaskets". NBE was also invoiced for items that it was told that it would not be charged for, including "risers" and "adapters" (components of man holes that were ordered), "vents" (a component of pipes that were ordered), and pipe

---

[1] Although a party to this appeal, Atlantic did not file a brief in this court. On December 2, 2024, this Court entered an order stating that this matter would be decided without a brief from Atlantic.

[2] We will refer to these individuals by first name in the interest of clarity.

[3] Ferguson initially alleged that NBE owed $149,864.13. However, this amount was reduced due to NBE being provided a sales tax credit.

lubricant. NBE was also provided pipe, and then invoiced twice for that same pipe, resulting in an overbilling of $107,350.62.

Regarding NBE's compliance with the contract's terms governing billing disputes, Jacob also stated: "I believe that NBE provided notice to Ferguson of the inaccurate and disputed invoices within a reasonable time of learning of the improper charges."

The circuit court heard the motion for summary judgment on February 9, 2023.[4] The trial court found that Jacob's statement that he believed NBE had properly raised the billing issues was insufficient to raise a genuine dispute of fact. Therefore, the trial court concluded that there was no factual dispute regarding whether NBE properly disputed any issues regarding billing as required by the Application. In support of this conclusion, the court stated that "there is nothing in the record other than some statements made in the affidavit" but that "these [statements] are not supported with evidence that would rise to a disputed issue based upon the record presented by Ferguson." The court then granted Ferguson's motion and entered a judgment of $148,275.48 against NBE, Justin, Jacob, and Atlantic. Further, the court entered a second judgment of $28,801.54 against NBE, Justin, and Jacob.[5]

NBE timely appealed and presents the following issue: "Whether the trial court erred in granting summary judgment in favor of the plaintiff/appellee and finding that the affidavit of the defendant/appellant, Jacob W. Norris, did not create a material issue of fact in dispute sufficient to preclude the award of summary judgment."[6] Ferguson presents the additional issue of whether it should be awarded its attorney's fees incurred on appeal.

---

[4] A transcript from this hearing is not included in the record.

[5] Although not raised by either party in their briefs, it is unclear how the trial court came to these amounts. The total award amounts to $177,077.02, which the trial court correctly found. However, when the total amounts the trial court based this total on are added together, they amount to $190,716.10 [(materials cost of $134,636.40) + (service charges of $37,045.62) + (attorney's fees of $5,110.00) + (expenses of $285.00) + (prejudgment interest of $13,639.08)].

The award against Atlantic and NBE is clearly based upon the cost of materials and prejudgment interest. However, it is unclear how the court arrived at the amount of the judgment against NBE for $28,801.54 because the service charges and attorney's fees not included in the judgment against Atlantic amount to $42,155.62. This leaves a difference of $13,354.08 between the numbers the trial court based its award on and the actual award.

[6] Although NBE raises as an issue "whether the trial court erred in granting summary judgment" in favor of Ferguson, it fails to address whether Ferguson was entitled to judgment as a matter of law in the body of its brief. Instead, NBE focuses solely on whether factual disputes remained based on Jacob's statement. "'An issue may be deemed waived, even when it has been specifically raised as an issue, when the brief fails to include an argument satisfying the requirements of Tenn. R. App. P. 27(a).'" *Little v. City of Chattanooga*, 650 S.W.3d 326, 340 (Tenn. Ct. App. 2022) (quoting *Hodge v. Craig*, 382 S.W.3d 325, 335 (Tenn. 2012)). Accordingly, we find any argument regarding whether Ferguson was entitled to

Our standard of review in summary judgment cases is well established. Appellate courts review a trial court's summary judgment determination de novo with no presumption of correctness afforded to the judgment. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). This requires this Court to "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.* We are obligated to "view the evidence in the light most favorable to the nonmoving party and must draw all reasonable inferences in that party's favor." *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002).

A court should grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." TENN. R. CIV. P. 56.04. Disputed facts are material if they are determinative of a claim or defense at issue in the motion. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008) (citing *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993)). If, as here, "the moving party bears the burden of proof on the challenged claim at trial, that party must produce at the summary judgment stage evidence that, if uncontroverted at trial, would entitle it to a directed verdict." *TWB Architects, Inc. v. Braxton, LLC*, 578 S.W.3d 879, 888 (Tenn. 2019) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986) (Brennan, J., dissenting)). If the moving party meets this burden, the burden then shifts to the nonmoving party to produce sufficient evidence to show that a genuine issue of fact remains. *Id.*

In response to a properly supported motion for summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading." *Rye*, 477 S.W.3d at 265 (quoting TENN. R. CIV. P. 56.06). The nonmoving party must instead respond and produce affidavits, depositions, responses to interrogatories, or another piece of evidence that "set forth specific facts showing that there is a genuine issue for trial." TENN. R. CIV. P. 56.06; *see also Rye*, 477 S.W.3d at 265. If the nonmoving party fails to produce sufficient evidence, "summary judgment, if appropriate, shall be entered against the [nonmoving] party." TENN. R. CIV. P. 56.06. However, if the moving party fails to satisfy its burden, "'the non-movant's burden to produce either supporting affidavits or discovery materials is not triggered and the motion for summary judgment fails.'" *Martin*, 271 S.W.3d at 83 (quoting *McCarley v. W. Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998)). "Whether the nonmoving party is a plaintiff or a defendant—and whether or not the nonmoving party bears the burden of proof at trial on the challenged claim or defense—at the summary judgment stage, '[t]he nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the

---

judgment as a matter of law waived. Regardless, we will "make a fresh determination of whether" Tennessee Rule of Civil Procedure 56's requirements have been satisfied.

nonmoving party.'" *TWB Architects, Inc.*, 578 S.W.3d at 889 (quoting *Rye*, 477 S.W.3d at 265).

NBE asserts on appeal that the trial court impermissibly resolved disputed facts and failed to draw all reasonable inferences in its favor. More specifically, NBE asserts that the trial court did not properly credit Jacob's affidavit and his assertion that he believed NBE properly raised billing disputes with Ferguson. Therefore, we must examine whether Jacob's statement that he "believe[d] that NBE provided notice to Ferguson of the inaccurate and disputed invoices within a reasonable time of learning of the improper charges" was sufficient to create a dispute of fact.

Regarding billing, the parties' contract contained the following terms:

1. ENTIRE AGREEMENT: This Agreement is between Ferguson Enterprises, LLC and its subsidiaries (collectively "Seller") and the Applicant named above or on page 1. This Agreement along with the terms and conditions located at https://www.ferguson.com/content/website-info/terms-of-sale on Seller's quotation, invoice or delivery ticket which are incorporated by reference (together referred to as "TERMS") represent the entire agreement between the parties and apply to all transactions.

The terms and conditions that were incorporated by reference include the following terms regarding billing disputes:

7. Inspection and Acceptance: Buyer shall examine all goods upon receipt and prior to installation. All claims for damage, shortage, and errors in shipment or improper delivery must be made to Seller in writing within two (2) business days of delivery, after which date Buyer will be deemed to have accepted the goods and will have no right to reject the goods or to revoke acceptance. Buyer must make any claims for billing errors or adjustments to Seller in writing within ten (10) business days from the invoice date. Claims not received in writing within such period of time will be waived by Buyer.

Matters cannot be resolved by summary judgment when material facts are in dispute. *Wilson v. Rubin*, 104 S.W.3d 39, 47 (Tenn. Ct. App. 2002). When determining whether a question of fact exists, we look to whether "reasonable minds" could reach different conclusions regarding whether an alleged event did or did not happen. *Id.* at 48. If reasonable minds could reach different conclusions based on the available evidence, a factual issue remains. *Id.* However, if the evidence and the inferences drawn therefrom permit reasonable persons to reach a single conclusion, no factual dispute remains, and the matter can be resolved as a question of law. *Id.* Facts considered at the summary judgment

stage must be included in the record, TENN. R. CIV. P. 56.03, and must be admissible in evidence. TENN. R. CIV. P. 56.06; *Green v. Green*, 293 S.W.3d 493, 513 (Tenn. 2009). At the summary judgment stage, we focus on the evidence the nonmoving party actually came forward with, "not on hypothetical evidence that theoretically could be adduced . . . at a future trial." *Rye*, 477 S.W.3d at 265.

In its briefing on appeal, NBE fails to assert that timely notice was provided in accordance with the terms of the contract; rather, NBE relies entirely upon Jacob's statement that he "believe[d]" the invoices were disputed within a "reasonable time." Is Jacob's statement of belief that the invoices were disputed within a "reasonable time" sufficient to create a genuine dispute of material fact as to whether the invoices were timely disputed in accordance with the time parameters specified in the contract? Based upon our review of the affidavit, the statement was insufficient to create a genuine dispute of fact. NBE was required to "'do more than simply show that there is some metaphysical doubt as to the material facts.'" *Id.* (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). This requirement is reflected in Rule of Civil Procedure 56.06, which governs the form of affidavits submitted at the summary judgment stage. This rule states that, in response to a properly supported motion for summary judgment, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." TENN. R. CIV. P. 56.06. Jacob's statement fails to meet this requirement. His statement that he "believed" NBE disputed the charges at a "reasonable time" does not put forward a specific fact as required by the rule. *See Martin*, 271 S.W.3d at 84 (stating that the nonmoving party must "produce evidence of specific facts establishing that genuine issues of material fact exist"). Indeed, aside from Jacob's statement, nothing in the record supports this assertion. Jacob's belief merely created a "hypothetical" piece of evidence that failed to create a disputed fact regarding whether the invoices were timely disputed within the parameters established by the contract. *See Rye*, 477 S.W.3d at 265. We, therefore, conclude that the evidence submitted in the affidavit failed to create a genuine issue of material fact and affirm the trial court. After a thorough review of the record before us, we agree with the trial court that the requirements of Tenn. R. Civ. P. 56 were satisfied and affirm.

Finally, we turn to Ferguson's request for its appellate attorney's fees. The Agreement contains the following provision: "If Applicant is in default for non-payment then, in addition to other remedies, Applicant agrees to reimburse Seller all costs of collections including reasonable attorneys' fees." The trial court determined that NBE was in default for non-payment, and we affirm that decision. Under the contract's terms, therefore, Ferguson is entitled to an award of its appellate attorney's fees. *See Eberbach v. Eberbach*, 535 S.W.3d 467, 478 (Tenn. 2017). The matter is, therefore, remanded for the trial court to conduct a hearing to determine the amount of fees to which Ferguson is entitled.

CONCLUSION

The judgment of the trial court is affirmed, and the matter remanded. Costs of this appeal are assessed against the appellants, Norris Bros. Excavation, LLC, Justin Norris, and Jacob Norris, for which execution may issue if necessary.


/s/ Andy D. Bennett
ANDY D. BENNETT, JUDGE